UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CANDACE MURPHY SISSAC | § | |
| | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CASE NO. 4:12CV90 |
| | § | |
| WELLS FARGO BANK, N.A., et al. | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER OF UNITED STATES
MAGISTRATE JUDGE DENYING MOTION TO REMAND

Now before the Court is Plaintiff's Motion to Remand (Dkt. 73).  Having considered

Plaintiff's motion and the response of Defendants Wells Fargo and Deutsche Bank, as well as the

record herein, the Court DENIES the motion.

Plaintiff's motion argues that she has abandoned her claims arising under federal law in her

Fourth Amended Complaint, filed on August 30, 2013, divesting the Court of subject matter

jurisdiction.  Defendants respond that Plaintiff's most recent amendment does not destroy the

Court's jurisdiction.  The Court agrees.

It is undisputed that Plaintiffs' original petition alleged causes of action under the Truth in

Lending Act and the Real Estate Settlement Procedures Act, giving rise to federal question

jurisdiction.  Therefore, at the time of removal, this Court had jurisdiction over Plaintiff's state law

claims pursuant to 28 U.S.C. § 1367's supplemental jurisdiction provisions.  28 U.S.C. § 1367 ("in

any civil action of which the district courts have original jurisdiction, the district courts shall have

supplemental jurisdiction over all other claims that are so related to claims in the action within such

original jurisdiction that they form part of the same case or controversy under Article II of the United

States Constitution.").

That Plaintiff has abandoned her federal claims does not in and of itself destroy jurisdiction

here.  It is well settled that "a plaintiff's voluntary amendment to a petition after removal to eliminate

the federal claim upon which removal was based does not defeat federal jurisdiction."  *Henry v.*

*Independent Am. Sav. Ass'n,* 857 F. 2d 995, 998 (5th Cir. 1988) (*Boelens v. Redman Homes, Inc.,*

759 F.2d 504, 507 (5th Cir.1985)).  *See also Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.

7, 108 S. Ct. 614, 98 L. Ed.2d 720 (1988); *Doucet v. State Farm Fire & Cas. Co.*, 2009 WL

3157478, 4 (E.D. Tex. 2009).

Nonetheless, under Fifth Circuit precedent, this Court "has discretion to remand a case where

the removal was based upon a claim later abandoned, despite the pendency of federal claims in the

principal action."  *In re Wilson Indus., Inc.*, 886 F.2d 93, 95 (5th Cir. 1989).  As noted by United

States Supreme Court:

> With respect to supplemental jurisdiction in particular, a federal court has
> subject-matter jurisdiction over specified state-law claims, which it may (or
> may not) choose to exercise.  *See* §§ 1367(a), (c) ... As a result, "the [district]
> court's exercise of its discretion under § 1367(c) is not a jurisdictional matter.
> Thus, the court's determination may be reviewed for abuse of discretion, but
> may not be raised at any time as a jurisdictional defect." 16 J. Moore et al.,
> *Moore's Federal Practice* § 106.05[4], p. 106-27 (3d ed. 2009).

*Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 129 S. Ct. 1862, 1866-67, 173 L. Ed.2d 843 (2009).

In exercising its discretion, the Court considers principles informing the pendent jurisdiction doctrine: economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S. Ct. 614, 98 L. Ed.2d 720 (1988); *see also Certain Underwriters at Lloyd's, London v. Warrantech Corp*., 461 F.3d 568, 572 (5th Cir. 2006).   Weighing these factors here, the Court finds that the exercise of supplemental jurisdiction over Plaintiff's remaining claims is proper.

The case has been pending in this Court for almost two years, with significant docket activity by both Plaintiff and Defendants Wells Fargo and Deutsche Bank and substantial court intervention. Plaintiff has also not opposed the dismissal of her claims against those Texas Defendants, whose presence precluded the removing (and diverse) defendants Wells Fargo and Deutsche Bank from asserting diversity jurisdiction as an alternate grounds for removal in the first place.  The Court further notes that Plaintiff was permitted to file her Fourth Amended Complaint (the complaint which removes her federal claims) *over* Defendants' objection.  It would not be fair or efficient to now allow her to return back to state court as a result of an opposed amendment made approximately 18 months after first appearing in this Court.

The Court notes that Plaintiff's Amended Complaint adds claims against Defendants Liz Hach, Cristina Camarata, Robin Weldon, Hayden Hooper, Sammy Hooda, Andrew Hepworth, Robert Henry, Joe Lozano, all purported Texas residents.  The Amended Complaint has been on file for more than 120 days.  Plaintiff shall have twenty (20) days after the date of this Order to serve them or the claims against them shall be dismissed in accordance with Federal Rule of Civil Procedure 4(m).

In accordance with the Court's October 18, 2013 Order, the parties shall submit a proposed

amended agreed scheduling order to the Court within seven (7) days of the date of this Order.[1]

**SO ORDERED.**

**SIGNED this 3rd day of February, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

---

[1]If the newly added Defendants are served and appear in the suit, the parties may seek any necessary extensions as appropriate.